**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARN SING SAECHAO, | Case No.: 1:16-cv-1716 - JLT |
| Plaintiff, | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINITFF |
| v. | (Doc. 17) |
| NANCY A. BERRYHILL[1], Acting commissioner of Social Security, | ORDER DIRECTING CLERK TO UPDATE DOCKET AND SERVE PRO SE PLAINTIFF |
| Defendant. | |

On September 5, 2017, Monica Perales filed a motion to withdraw as counsel of record for Plaintiff Sarn Sing Saechao. The motion was not opposed by Plaintiff or the defendant, Nancy A. Berryhill, Acting Commissioner of Social Security. For the following reasons, the motion to withdraw is **GRANTED**.

**I.    Legal Standard**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client <u>in propria persona</u> without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182; *see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Canandaigua Wine Co.*, 2009 WL 89141, at *1.

## II.     Discussion and Analysis

Ms. Perales asserts she is unable to continue to represent Plaintiff because "[t]e attorney-client relationship has completely failed." (Doc. 17 at 3) Ms. Perales reports that she "has been unable to communicate or otherwise obtain substantive direction from plaintiff." (*Id.*) According to Ms. Perales, she attempted to contact Plaintiff by mail three times—including by certified mail, which confirmed receipt— and called twice, without receiving a response. (*Id.*) Because Ms. Perales has been unable to communicate with Plaintiff, Ms. Perales now seeks permission to withdraw her representation. Notably, the lack of cooperation by a client supports the request for withdrawal. *See Canandaigua Wine Co.*, 2009 WL 89141, at *1 (citing *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708, at *7–8 (N.D.Cal. July 6, 2007); *Statue of Liberty–Ellis Island Foundation, Inc. v. Int'l United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y.1986)). Thus, Plaintiff's failure to communicate with counsel and cooperate with his attorney in the prosecution of this action supports the request by Ms. Perales to withdraw as counsel of record.

The declaration and proofs of service indicate Ms. Perales served all parties, including Plaintiff, with the documents required by the California Rules. (*See* Doc. 17 at 6) Neither Plaintiff nor Defendant has filed an opposition or a statement of non-opposition to the motion to withdrawal, and it

does not appear Defendant would suffer prejudice as a result of the withdrawal. Further, it appears any delay in this action caused by the withdrawal would be minimal, and there is little risk of harm to the administration of justice.

### III. Conclusion and Order

Monica Perales followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as counsel, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. *See* LR 182. Accordingly, **the Court ORDERS**:

1. The motion to withdraw (Doc. 17) is **GRANTED**;
2. The Clerk's Office **SHALL TERMINATE** Monica Perales as "Attorney to be Noticed" for Plaintiff Sarn Sing Saechao in the Court docket, and update the docket to reflect Plaintiff's last known contact information as follows:

   Sarn Sing Saechao
   1301 S. Marion St.
   Tulare, CA 93274

3. No later than October 13, 2017, plaintiff **SHALL** notify the Court whether he intends to represent himself in this matter, or whether he has secured substitute counsel, and whether he intends to prosecute this action.

**Plaintiff is advised that failure to comply with the Local Rules, Federal Rules, or a Court Order, may result in dismissal of this action pursuant to Local Rule 110**.

IT IS SO ORDERED.

Dated: **September 29, 2017**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE