UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARN SING SAECHAO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:16-cv-1716 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

On October 2, 2017, the Court granted the request of Plaintiff's counsel to withdraw from her representation, based upon the assertion that "[t]he attorney-client relationship has completely failed" and Plaintiff was no longer communicating with his attorney. (Doc. 19) Plaintiff was ordered to notify the Court "whether he intends to prosecute this action," and "notify the Court whether he intends to represent himself in this matter" no later than October 13, 2017. (*Id.* at 3) The Court warned Plaintiff that failure to comply with its order "may result in dismissal of this action pursuant to Local Rule 110." (*Id.*, emphasis omitted) To date, Plaintiff has failed to comply with the Court's order and has not taken any action indicating his desire to prosecute the matter.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.* *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within fourteen days** of the date of service of this Order why the action should not be dismissed for failure to prosecute or to comply with the Court's Order or, in the alternative, to file written notification of his intent to prosecute this action.

IT IS SO ORDERED.

Dated: **October 16, 2017**              **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE