# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARN SING SAECHAO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 1:16-cv-01716 - JLT<br><br>ORDER DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Sarn Sing Saechao initiated this action seeking judicial review of the administrative decision denying an application for benefits under the Social Security Act. However, Plaintiff has failed to prosecute the action and failed to comply with the Court's orders to file an opening brief. Accordingly, the action is **DISMISSED** without prejudice.

**I.      Relevant Background**

On October 2, 2017, the Court granted the request of Plaintiff's counsel to withdraw from her representation, based upon the assertion that "[t]he attorney-client relationship has completely failed" and Plaintiff was no longer communicating with his attorney. (Doc. 19) Plaintiff was ordered to notify the Court "whether he intends to prosecute this action," and "notify the Court whether he intends to represent himself in this matter" no later than October 13, 2017. (*Id.* at 3) The Court

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant

warned Plaintiff that failure to comply with its order "may result in dismissal of this action pursuant to Local Rule 110." (*Id.*, emphasis omitted) However, Plaintiff failed to comply with the Court's order.

On October 16, 2017, the Court issued an order to Plaintiff to show cause why the action should not be dismissed for his failure to prosecute and failure to comply with the Court's order. (Doc. 20) In the alternative, Plaintiff was directed "to file written notification of his intent to prosecute this action" within two weeks of the date of service. (*Id.* at 2) To date, Plaintiff has failed to comply with or otherwise respond to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A.     Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the

Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to prosecute in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendants

To determine whether Defendant has been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff has not taken any action to prosecute the action, despite being ordered by the Court to indicate his intent to prosecute. Accordingly, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Here, the Court warned Plaintiff that the failure to comply with its order could "**result in dismissal of this action**." (Doc. 19 at 3, emphasis in original) Again, in the Order to Show Cause, the Court informed Plaintiff that "sanctions including dismissal of an action" could be imposed for "a

3

party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." (Doc. 20 at 2) Significantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

**D. Public policy**

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

**IV. Order**

Plaintiff failed to comply with the Court's orders dated October 2, 2017 (Doc. 19) and October 16, 2017 (Doc. 20), despite warnings that the action may be dismissed for failure to respond. In addition, Plaintiff has failed to take any action to prosecute this action.

Based upon the foregoing, the Court **ORDERS**:

1. This action is **DISMISSED** without prejudice; and
2. The Clerk of Court is DIRECTED to close the action.

IT IS SO ORDERED.

Dated: **November 3, 2017**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE